**NOT FOR PUBLICATION**

FILED

**UNITED STATES COURT OF APPEALS**

OCT 20 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHLOE PSALM JERI BORDEN,

Plaintiff-Appellant,

v.

ETHAN BARE, Deputy; JEREMY
MALICOAT, Deputy,

Defendants-Appellees.

No.   22-16569

D.C. No.
1:20-cv-01103-AWI-EPG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted October 2, 2023
San Francisco, California

Before:  W. FLETCHER, CALLAHAN, and LEE, Circuit Judges.

Chloe Borden appeals from the district court's grant of summary judgment

for the defendant deputy sheriffs in her action pursuant to 42 U.S.C. § 1983.  We

have jurisdiction and we affirm the district court.

On May 10, 2019, the deputies were investigating whether Ms. Borden was

violating a General Order and Local Rule of the Fresno County Superior Court by

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

using her cell phone to photograph the entrance to the courthouse. When Ms. Borden was uncooperative, the deputies detained her, and she was arrested pursuant to California Penal Code § 148(a)(1). The charges were eventually dismissed, and Ms. Borden filed this action alleging that the officers had lacked probable cause to arrest her.

In granting summary judgment for the deputies, the district court determined that the language in Superior Court's General Order and Local Rule 1.1.17 allowing photographing "in a designated media area" only applied to members or representatives of the media. It further determined that it was undisputed that Ms. Borden was not a member of the media and "that she repeatedly interrupted and spoke over Defendant Bare while he attempted to investigate and explain to her the relevant rules." It concluded that the deputies had probable cause to investigate Ms. Borden's activities and that even assuming the deputies had "misinterpreted parts of the General Order and Local Rule, and did not have probable cause to arrest," the deputies were nevertheless entitled to qualified immunity because "it was reasonably arguable that there was probable cause for the arrest." *See Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1078 (9th Cir. 2011).

On appeal, Ms. Borden raises the single issue that the district court's

2

probable cause finding was erroneous and requires a reversal.[1]  We review a grant

of summary judgment de novo.  *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d

669, 673 (9th Cir. 2020).  Qualified immunity shields an officer from liability even

if his or her action resulted from "a mistake of law, a mistake of fact, or a mistake

based on mixed questions of law and fact."  *Mattos v. Agarano*, 661 F.3d 433, 440

(9th Cir, 2011) (quoting *Pearson v.* Callahan, 555 U.S. 223, 231 (2009)).  An

officer is entitled to qualified immunity under § 1983 unless (1) the officer violates

a federal statutory or constitutional right, and (2) the unlawfulness of the conduct

was "clearly established at the time."  *District of Columbia v. Wesby*, 583 U.S. 48,

62–63 (2018) (quoting *Reiche v. Howards*, 566 U.S. 658, 664 (2012)).

The General Order and Local Rule prohibited photographing, recording, or

broadcasting in or around the Superior Court except outside the courthouse in a

"designated media area."  The district court reasoned:

> California Rule of Court 1.150(b)(2) defines the word "media" as
> "any person or organization engaging in news gathering or reporting
> and includes any newspaper, radio or television station or network,
> news service, magazine, trade paper, in-house publication,
> professional journal, or other news-reporting or news-gathering
> agency."  If this definition is read into the phrase "designated media
> area," then the phrase refers to an "area" that is "designated" for a
> "person or organization engaging in news gathering or reporting . . ."
> This suggests that the privileges afforded in the designated media area
> apply only to members or representatives of the media.

---

[1]  Issues not raised in an appellant's opening brief are deemed waived.  *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130 (9th Cir. 2012). 671 F.3d

3

The district court noted that the rules were enacted "for the protection of the public, all parties, and court personnel."

Contrary to Ms. Borden's assertion at oral argument, we find the language of the General Order and Local Rule to be ambiguous. We think that in light of the strong interest in protecting jurors, witnesses, and court personnel from unwanted publicity, the district court's interpretation of the order and rule is at least reasonable, if not compelling. Accordingly, we agree with the district court that the deputies were entitled to qualified immunity because they reasonably believed that the local rules prohibited Ms. Borden's photographing the court's entrance and thus had probable cause to detain her.

The district court's grant of summary judgment for the defendants is **AFFIRMED**.[2]

---

[2] The motion to strike portions of the Excerpts of Record is denied.